Christ Liolios, Defendant, for the use of The University Hospital, Plaintiff, Appellee, v. London Guarantee and Accident Company, Ltd., and Sensibar Engineering and Paving Company, Garnishee Defendants, Appellees.

On Appeal of A. George N. Spannon, Intervening Petitioner, Appellant.

Gen. No. 40,733.

Opinion filed December 13, 1939.

A. GEORGE N. SPANNON, *pro se*, for appellant.

LOUIS STEINBERG, of Chicago, for appellee; REUBEN FREEDMAN, of Chicago, of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This cause has been consolidated with Gen. No. 40,734 filed in this court entitled, *Liolios v. London Guar. & Acc. Co., Ltd.*, 302 Ill. App. 506.

The action arose out of garnishment proceedings which were consolidated for trial in the municipal

court, wherein judgment was rendered in favor of the defendant for the use of the University Hospital, plaintiff, against the above-named garnishees for the sum of $526.60, and in favor of the defendant for the use of Dr. A. L. Stearns, plaintiff, against the above-named garnishees for the sum of $352.50. Said garnishment proceedings were instituted after two judgments by confession had been rendered in the municipal court on July 6, 1938, in favor of the respective plaintiffs named above in the amounts mentioned. Garnishment summons was issued in each case on July 7, 1938, and served on said garnishees on July 11, 1938.

By leave of court, on August 8, 1938, the intervening petition of A. George N. Spannon, adverse claimant, was filed in each of said causes and to said petition no answer or traverse was interposed by any of the parties to said cause.

The court on motion of plaintiffs, at the close of all the evidence, directed a verdict in favor of each of said plaintiffs and against the defendant Christ Liolios, confirming the judgments of July 6, 1938, in the amounts as stated heretofore.

It appears from this record as well as the one in Gen. No. 40,734, that a judgment had been entered in favor of Christ Liolios for the sum of $2,500 because of personal injuries which he received, said judgment being against the Sensibar Engineering & Paving Co., a corporation, the London Guarantee & Accident Co. Ltd., who is the garnishee herein, having issued a policy of insurance, by the terms of which they were to pay any judgments entered against the Sensibar Engineering & Paving Co. This judgment for $2,500 was assigned by Liolios to A. George N. Spannon. Said Spannon who is the intervening petitioner herein was the attorney for Liolios. Spannon had a contract with Liolios whereby he, Spannon, was to receive 45 per cent of the sum recovered, which in the instant

case amounted to $1,125, and which sum he was paid. It further appears that Liolios had two other lawyers, namely Wright & Kamin, who claimed $166, and that there were still two others, namely Harry A. Kerins and D. G. Michalopoulos, who claimed $100.

It further appears that the appellee, University Hospital, had a judgment note signed by Liolios for $526.60, upon which it confessed judgment; that Dr. A. L. Stearns, plaintiff in Gen. No. 40,734, also had a judgment note signed by Liolios upon which he confessed judgment for $352.50.

The testimony of both Spannon and Liolios shows that while the personal injury case was pending, which period covered several years, Spannon had advanced to Liolios considerable sums of money amounting to between $565 and $855. The evidence regarding the amount which was advanced by Spannon to Liolios, while uncertain and indefinite as to the exact sum, was not contradicted. Liolios while on the stand admitted that he had received as an advancement from Spannon at least $565, and there was no evidence to the contrary.

A court cannot disregard the undisputed testimony, especially where the person who owes the money admits that he owes it. We think the trial court should have allowed the claim of Spannon to the extent of $565. Spannon claimed a balance of $856.25 was due him, but as the initial memorandum for this amount was not produced at the hearing, we are inclined to accept the statement of Liolios as to the amount he owed Spannon. As before stated we think the court erred in not allowing the claim of Spannon. We think the judgment order of the court should be amended to that extent.

For the reasons herein given the judgment of the municipal court is affirmed except as to the allowance to Spannon, the intervening petitioner, which allowance is hereby made for the sum of $565 in favor of

Spannon, which sum covers the amount due in both cases and judgment is entered in his favor accordingly. The judgment order as so amended is hereby affirmed.

*Judgment order affirmed and judgment here in conjunction with Case No. 40,734 in favor of intervening petitioner Spannon for $565.*

HEBEL and BURKE, JJ., concur.